UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

TABETHA T. TYNDALE

                      Plaintiff,

    -against-

EXTENDED MANAGED LONG TERM CARE;
VINCENT ACHILARRE, as Chief Executive Officer,
Extended Managed Long Term Care; NANCY CASTELLE,
RN, as Chief Operating Officer, Extended Managed Long
Term Care; RAJ BEHARILAL, as Chief Financial Officer,
Extended Managed Long Term Care; DR. DIEGO DIAZ,
as Chief Medical Officer, Extended Managed Long Term
Care and NARDA DUCHEINE, as Chief Compliance Officer

                      Defendants'

-----------------------------------------------------------------------x

**Federal Complaint**

**Jury Trial Demand**

The Plaintiff TABETHA T. TYNDALE through her attorney The Sanders Firm, P.C., files

this federal complaint against Defendants' EXTENDED MANAGED LONG TERM CARE;

VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ

and NARDA DUCHEINE, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the Plaintiff

TABETHA T. TYNDALE (hereinafter referred to as "Plaintiff") deprived of her statutory and

constitutional rights as an employee due to Defendants' EXTENDED MANAGED LONG TERM

CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO

DIAZ and NARDA DUCHEINE'S gender discrimination.

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

> a.    Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment based on gender.

2.    The unlawful employment practices, violations of Plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

3.    The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

<strong><u>PROCEDURAL REQUIREMENTS</u></strong>

4.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5.    On or about June 6, 2018, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

6.    On or about October 26, 2018, Plaintiff received a Dismissal and Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

<strong><u>PLAINTIFF</u></strong>

7.    Plaintiff TABETHA T. TYNDALE is a female citizen of the United States of America, over twenty-one (21) years of age and resident of Richmond County.

<strong><u>DEFENDANTS'</u></strong>

8.    Defendant EXTENDED MANAGED LONG TERM CARE, as Employer.

9.     Defendant VINCENT ACHILARRE, as Chief Executive Officer, Extended Managed Long Term Care.

10.     Defendant NANCY CASTELLE, RN, as Chief Operating Officer, Extended Managed Long Term Care.

11.     Defendant RAJ BEHARILAL, as Chief Financial Officer, Extended Managed Long Term Care.

12.     Defendant DR. DIEGO DIAZ, as Chief Medical Officer, Extended Managed Long Term Care.

13.     Defendant NARDA DUCHEINE, as Chief Compliance Officer, Extended Managed Long Term Care.

## **BACKGROUND**

**PREGNANCY DISCRIMINATION ACT**

**PDA Coverage**

14.     Plaintiff alleges that The Pregnancy Discrimination Act (PDA) is an amendment to Title VII of the Civil Rights Act of 1964.

15.     Plaintiff alleges that under the PDA, discrimination based on pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination in violation of Title VII.

16.     Plaintiff alleges that under the PDA, women affected by pregnancy or related conditions must be treated in the same manner as other applicants or employees who are similar in their ability or inability to work.

**Discrimination Based on Lactation and Breastfeeding**

17.     Plaintiff alleges that Lactation, the postpartum production of milk, is a

physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF

MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk

production occurs).

18.     Plaintiff alleges that Lactation is a pregnancy-related medical condition, less

favorable treatment of a lactating employee may raise an inference of unlawful discrimination.

*EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical

condition of pregnancy for purposes of the PDA, and an adverse employment action motivated

by the fact that a woman is lactating clearly imposes upon women a burden that male employees

need not suffer).

19.     Plaintiff alleges that to continue producing an adequate milk supply and to avoid

painful complications associated with delays in expressing milk,[1] a nursing mother will typically

need to breastfeed or express breast milk using a pump two or three times over the duration of an

eight-hour workday. *Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN

SERVS., https://www.womenshealth.gov/breastfeeding.

20.     Plaintiff alleges that an employee must have the same freedom to address such

lactation-related needs that she and her co-workers would have to address other similarly

limiting medical conditions.

21.     Plaintiff alleges that because only women lactate, a practice that singles out

lactation or breastfeeding for less favorable treatment affects only women and therefore is

facially sex-based.

22.     Plaintiff alleges that it would violate Title VII for Defendant EXTENDED

---

[1] *Overcoming Breastfeeding Problems*, U.S. NAT'L LIBRARY OF
MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF
BREASTFEEDING 385 (8th ed. 2010)

MANAGED LONG TERM CARE through its agents Defendants' VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE and their agents to freely permit employees to use break time for personal reasons except to express breast milk.

## EVALUATING PDA-COVERED EMLTC EMPLOYMENT DECISIONS

### Disparate Treatment

23.     Plaintiff alleges that since August 15, 2007, Defendant EXTENDED MANAGED LONG TERM CARE through its agents Defendants' VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable break times and a proper location to express milk.

24.     Plaintiff alleges that under New York State Labor Law Section 206-c guarantees nursing mothers break time to pump breast milk at work.

25.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer is required but, is not in compliance with the New York State Labor Law Section 206-c.

26.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer is required but, DOES NOT inform female employees who are nursing mothers returning to work following the birth of a child about their right to take unpaid leave for pumping breast milk by placing a public poster in the workplace, promulgate a policy within the employee handbook or notifying the individual female employees in writing.

27.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that

she may take break time to pump breast milk at work for up to three years following the birth of her child.

28.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers they are entitled to at least 20 minutes for each break.

29.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that they may take shorter breaks if they chose.

30.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that they must be allowed more time if they need it.

31.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT allow female employees who are nursing mothers to take breaks at least once every three hours to pump breast milk.

32.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that they may take these breaks right before or after their regularly scheduled paid break or meal periods.

33.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that if they take breaks to pump breast milk, it cannot deduct that time from her regular paid break or meal time.

34.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers they

are entitled to work before or after their normal shifts to make up for the break time they take to pump breast milk, as long as that time falls within the employer's normal work hours.

35.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers they have the option of using their regular paid break or meal time to pump breast milk, but they are not required to do so.

36.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers it is required to provide employees with a private room or other location close to the employee's work area where they can pump breast milk, *unless* it would be extremely difficult for it to do so.

37.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers if it cannot provide a dedicated lactation room, a temporarily vacant room may be used instead.

38.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers as a last resort, a cubicle can be used, but it must be fully enclosed with walls at least seven feet tall.

39.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers the room or location provided by an employer to pump breast milk cannot be a restroom or toilet stall.

40.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that the place where employees pump breast milk must contain a chair and small table or other flat surface.

41.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that The Department of Labor encourages employers to provide, in addition, an electrical outlet, clean water supply, and access to a refrigerator where nursing mothers can store pumped milk.

42.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that the room or place provided by the employer cannot be open to other employees, customers, or members of the public while an employee is pumping breast milk.

43.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers it should have a door with a functional lock, or in the case of a cubicle, a sign warning the location is in use and not accessible to others.

44.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that employers may not discriminate or retaliate in any way against any employee who chooses to pump breast milk in the workplace or who files a complaint with the Department of Labor.

45.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE as an employer, is required but DOES NOT inform female employees who are nursing mothers that any party may file a confidential complaint with the United States Equal Employment Opportunity Commission, United States Department of Labor and/or the New York State Department of Labor's Division of Labor Standards alleging non-compliance with the law.

46.     Plaintiff alleges that since March 23, 2010, under The Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of

the Fair Labor Standards Act ("FLSA"), Defendant EXTENDED MANAGED LONG TERM CARE is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

47.     Plaintiff alleges that since March 23, 2010, under the Affordable Care Act, Defendant EXTENDED MANAGED LONG TERM CARE is required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

48.     Plaintiff alleges that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

49.     Plaintiff alleges that since August 15, 2007, Defendant EXTENDED MANAGED LONG TERM CARE through its agents Defendants' VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE and their agents are not in compliance under federal, state and local laws that protects nursing mothers with reasonable break times and a proper location to express milk.

### Hostile Work Environment

50.     Plaintiff alleges that under the PDA, an employer must provide a work environment free of harassment based on pregnancy, childbirth, or related medical conditions.

51.     Plaintiff alleges that an employer's failure to do so violates the statute.

52.     Plaintiff alleges that liability can result from the conduct of a supervisor, co-

workers, or non-employees such as customers or business partners over whom the employer has some control.[2]

53.     Plaintiff alleges that as a nursing mother must express milk in-front of other employees, etc.

54.     Plaintiff alleges that as a nursing mother her supervisors and co-workers subjected her to jeers, sarcastic comments, ostracization, ridicule, supervisors subjected her to extra scrutiny, extra burdens to document and prove her personal breaks, etc.

55.     Plaintiff alleges that the supervisors and co-workers subjected her to this harassment because of her status as a nursing mother.

**INDIVIDUAL CLAIMS**

56.     Plaintiff alleges that while employed with Defendant EXTENDED MANAGED LONG TERM CARE from March 4, 2018, through June 1, 2018, Defendant EXTENDED MANAGED LONG TERM CARE through its agents Defendants' VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she experienced severe engorgement, Mastitis. Emotional Distress and cessation of her milk supply.

57.     Plaintiff alleges that on or about January 24, 2018, she interviewed with Director of Care Management Elizabeth Ortiz for the position as a Nurse Care Manager.

58.     Plaintiff alleges that during the interview, she informed Mrs. Ortiz that she was a nursing mother and required a location to express milk.

---

[2] For more detailed guidance on what constitutes unlawful harassment and when employers can be held liable for unlawful harassment, see EEOC Enforcement Guidance: *Vicarious Employer Liability for Unlawful Harassment by Supervisors* (June 18, 1999), *available at* http://www.eeoc.gov/policy/docs/harassment.html; *Enforcement Guidance on Harris v. Forklift Sys., Inc.* (Mar, 8, 1994), *available at* http://www.eeoc.gov/policy/docs/harris.html; EEOC *Policy Guidance on Current Issues of Sexual Harassment* (Mar. 19,1990), *available at* http://www.eeoc.gov/policy/docs/currentissues.html; 29 C.F.R. § 1604.11.

59.     Plaintiff alleges that Mrs. Ortiz reassured her that Defendant EXTENDED MANAGED LONG TERM CARE is in compliance with federal, state and local laws and could accommodate her.

60.     Plaintiff alleges that shortly thereafter, Defendant EXTENDED MANAGED LONG TERM CARE hired her.

61.     Plaintiff alleges that on or about March 4th and 5th of 2018, her first two days of orientation, Defendant EXTENDED MANAGED LONG TERM CARE assigned her to the New York Office.

62.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE does not have a designed area at the New York Office to express milk.

63.     Plaintiff alleges that after complaining to one of Defendant EXTENDED MANAGED LONG TERM CARE management employees, she was provided an 'unlocked' office.

64.     Plaintiff alleges that while using the 'unlocked' office two employees attempted to enter while she was expressing milk.

65.     Plaintiff alleges that shortly thereafter, the same management employee told her to simply block the door with a chair.

66.     Plaintiff alleges that on or about March 7, 2018, she transferred to the Staten Island Office.

67.     Plaintiff alleges that shortly thereafter, she met with Mrs. Ortiz and complained about Defendant EXTENDED MANAGED LONG TERM CARE'S New York Office not having a designated area for nursing mother to express milk.

68.     Plaintiff alleges that again Mrs. Ortiz reassured her that Defendant EXTENDED

MANAGED LONG TERM CARE is in compliance with federal, state and local laws and could accommodate her at the Staten Island Office.

69. Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE was not in compliance with federal, state and local laws and could not accommodate her at the Staten Island Office.

70. Plaintiff alleges that from March 7, 2018, through March 23, 2018, she expressed milk in various locations not designated for expressing milk.

71. Plaintiff alleges that throughout this time, constantly interrupted because these office areas were employee workspaces.

72. Plaintiff alleges that throughout this time, she experienced significant physical pain in her breasts for failing to consistently express milk.

73. Plaintiff alleges that throughout this time, she experienced mental anguish because of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S failure to provide a designated location for nursing mothers to express milk.

74. Plaintiff alleges that throughout this time, she experienced mental anguish, embarrassment and humiliation having to express milk in a room full of people trying to work.

75. Plaintiff alleges that throughout this time, she experienced mental anguish, because her inability to consistently express milk affected the development of the child.

76. Plaintiff alleges that on or about March 23, 2018, Mrs. Oritz informed her that she and two other employees will be assigned to work at the Staten Island Satellite Office.

77. Plaintiff alleges that again Mrs. Ortiz reassured her that Defendant EXTENDED MANAGED LONG TERM CARE is in compliance with federal, state and local laws and could

accommodate her at the Staten Island Satellite Office.

78. Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE was not in compliance with federal, state and local laws and could not accommodate her at the Staten Island Satellite Office.

79. Plaintiff alleges that from March 23, 2018, through June 1, 2018, she expressed milk in various locations not designated for expressing milk.

80. Plaintiff alleges that throughout this time, constantly interrupted because these office areas were employee workspaces.

81. Plaintiff alleges that throughout this time, she experienced significant physical pain in her breasts for failing to consistently express milk.

82. Plaintiff alleges that throughout this time, she experienced mental anguish because of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S failure to provide a designated location for nursing mothers to express milk.

83. Plaintiff alleges that throughout this time, she experienced mental anguish, embarrassment and humiliation having to express milk in a room full of people trying to work.

84. Plaintiff alleges that throughout this time, she experienced mental anguish, because her inability to consistently express milk affected the development of the child.

85. Plaintiff alleges that on or about March 26, 2018, she noticed the Staten Island Satellite Office is a small suite with open cubicles and two management offices.

86. Plaintiff alleges that shortly thereafter, she called Mrs. Ortiz and complained about Defendant EXTENDED MANAGED LONG TERM CARE'S Staten Island Satellite Office not having a designated area for nursing mother to express milk.

87.     Plaintiff alleges that Mrs. Ortiz told her she can commute back and forth to the Staten Island Office and use an available 'unlocked' office.

88.     Plaintiff alleges that afraid for her employment, from March 26, 2018, through March 28, 2018, she commuted from the Staten Island Satellite Office to the Staten Island Office that added more stress affecting her milk supply.

89.      Plaintiff alleges that from March 29, 20128, through June 1, 2018, consistently she was forced to express milk at her desk in an open cubicle or in the bathroom.

90.     Plaintiff alleges that throughout this time, sometimes her co-worker would provide a shawl to cover herself while she expressed milk.

91.     Plaintiff alleges that throughout this time, sometimes she would use the management offices.

92.     Plaintiff alleges that on or about June 1, 2018, Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE instructed Clinical Manager Joe Li Yin to meet with her, two (2) days before her probation period ends at the Staten Island Satellite Office.

93.     Plaintiff alleges that during the meeting Mr. Li Yin informed her that her services were "no longer needed" but, it has nothing to do with her work ethic.

94.     Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE terminated her for complaining about the failing to provide a designated space for nursing mothers to express milk and subjecting her to a hostile work environment.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

95.     Plaintiff re-alleges Paragraphs 1 through 94 and incorporates them by reference as Paragraphs 1 through 94 of Count I of this Federal Complaint.

96.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

97.     Plaintiff alleges that as part of its pattern and practice of employment discrimination, Defendant EXTENDED MANAGED LONG TERM CARE through its agents treated her in a manner indicative of gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

98.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE knew or should have known about gender discrimination in the workplace because of their prior history of discriminatory conduct against her and other similarly situated individuals.

99.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE failed and refused to take appropriate action to end the discriminatory treatment and conditions which she was subjected to, which was clearly motivated by gender discrimination.

100.     Plaintiff alleges that because of the discriminatory acts of Defendant EXTENDED MANAGED LONG TERM CARE through its agents, she suffered depression and anxiety.

101.     Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at her and continued from in or around March 4, 2018, through June 1, 2018.

102.    Plaintiff alleges that because of the acts of Defendant EXTENDED MANAGED LONG TERM CARE through its agents under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, and other costs of pursuing the claims herein.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

103.    Plaintiff re-alleges Paragraphs 1 through 102 and incorporates them by reference as Paragraphs 1 through 102 of Count II of this Federal Complaint.

104.    Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE through its agents engaged in various retaliatory actions against her as a result of her opposition to gender discrimination and as a result of her filing such complaints with management.

105.    Plaintiff alleges that because of the illegal acts of Defendant EXTENDED MANAGED LONG TERM CARE through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

106.    Plaintiff re-alleges Paragraphs 1 through 105 and incorporates them by reference as Paragraphs 1 through 105 of Count III of this Federal Complaint.

107.    Plaintiff alleges that Defendant EXTENDED MANAGED LONG TERM CARE through its agents engaged in various severe and hostile actions towards her as a result of her opposition to gender discrimination and as a result of her filing such complaints with management.

108.    Plaintiff alleges that because of the severe and hostile acts of the Defendant

EXTENDED MANAGED LONG TERM CARE through its agents, she suffered depression, anxiety and loss of job opportunities.

## COUNT IV
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

109.   Plaintiff re-alleges Paragraphs 1 through 108 and incorporates them by reference as Paragraphs 1 through 108 of Count IV of this Federal Complaint.

110.   Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

111.   Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE discriminated against her because of her gender.

112.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE, she suffered the indignity of gender discrimination and great humiliation.

113.   Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT V
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

114.    Plaintiff re-alleges Paragraphs 1 through 113 and incorporates them by reference as Paragraphs 1 through 113 of Count V of this Federal Complaint.

115.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

116.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

117.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE engaged in various retaliatory actions against her as a result of her opposition to gender discrimination and as a result of her filing such complaints with management.

118.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE, she suffered the indignity of gender discrimination and great humiliation.

119.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

120.    Plaintiff re-alleges Paragraphs 1 through 119 and incorporates them by reference

as Paragraphs 1 through 119 of Count VI of this Federal Complaint.

121.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

122.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where gender discrimination and/or retaliation are encouraged and/or tolerated.

123.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE engaged in various hostile actions against her as a result of her opposition to gender discrimination and as a result of her filing such complaints with management.

124.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE, she suffered the indignity of gender discrimination and great humiliation.

125.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

126.    Plaintiff re-alleges Paragraphs 1 through 125 and incorporates them by reference as Paragraphs 1 through 125 of Count VII of this Federal Complaint.

127.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

128.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE discriminated against her because of her gender.

129.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE, she suffered the indignity of gender discrimination and great humiliation.

130.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

131.    Plaintiff re-alleges Paragraphs 1 through 130 and incorporates them by reference as Paragraphs 1 through 130 of Count VIII of this Federal Complaint.

132.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

133.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

134.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE engaged in various retaliatory actions against her as a result of her opposition to gender discrimination and as a result of her filing such complaints with management.

135.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE, she suffered the indignity of gender discrimination and great humiliation.

136.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

### COUNT IX
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

137.    Plaintiff re-alleges Paragraphs 1 through 136 and incorporates them by reference as Paragraphs 1 through 136 of Count IX of this Federal Complaint.

138.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

139.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where gender discrimination and/or retaliation are encouraged and/or tolerated.

140.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM

CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO

DIAZ and NARDA DUCHEINE engaged in various hostile actions against her as a result of her

opposition to gender discrimination and as a result of her filing such complaints with

management.

141.    Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT

ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA

DUCHEINE, she suffered the indignity of gender discrimination and great humiliation.

142.    Plaintiff alleges that Defendants' EXTENDED MANAGED LONG TERM

CARE; VINCENT ACHILARRE; NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO

DIAZ and NARDA DUCHEINE'S violations caused her mental anguish, emotional distress, and

loss of employment opportunities.

## **JURY TRIAL**

143.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff demands compensatory and punitive damages from

Defendants' EXTENDED MANAGED LONG TERM CARE; VINCENT ACHILARRE;

NANCY CASTELLE, RN; RAJ BEHARILAL; DR. DIEGO DIAZ and NARDA DUCHEINE

jointly and severally, in an amount to be determined at trial, plus any and all available statutory

remedies, both legal and equitable, and interests and costs.

Dated:  January 11, 2019
New York, NY

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com